UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| DARRICK HAROLD MEEKS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:18-cv-00069-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| FRANKLIN COUNTY, KENTUCKY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Darrick Harold Meeks, Sr., is an inmate at Men's Central Jail in Los Angeles, California. Proceeding without an attorney, Meeks filed a civil rights complaint with this Court pursuant to 42 U.S.C. § 1983. [R. 1]. That complaint, however, was not on a form approved for use by this Court, as required by Local Rule 5.2(a). Meeks also failed to pay the filing and administrative fees or complete the proper forms in order to seek leave to proceed as a pauper in this action. Therefore, the Court entered an order directing Meeks to cure these deficiencies in order to proceed with his case. [R. 5].

Meeks has now filed a complaint using the proper, Court-approved form. [R. 6]. In that submission, Meeks lists two defendants: (A) the Franklin County Sheriff's Department; and (B) the Franklin County Prosecutor's Office. [*Id.* at 1]. Meeks then alleges that members of the Franklin County Sherriff's Department's Drug Task Force conducted a warrantless search of a residence, seized certain substances, arrested him, and held him for more than three months while prosecutors pursued drug-related charges against him. [*See id.* at 2-3]. Meeks then suggests that officials later determined that the substances seized were not in fact drugs, and, as a result, they dropped the charges against him. [*See id.* at 3]. Meeks now claims that the Franklin

County Sheriff's Department and Franklin County Prosecutor's Office violated his federal constitutional rights by falsely arresting him, engaging in an overzealous prosecution, and inflicting cruel and unusual punishment on him. [*See id.* at 4]. Ultimately, Meeks is seeking $500 billion in money damages. [*See id.* at 6]. Meeks's submission is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A.

The Court will dismiss Meeks's constitutional claims against the Franklin County Sheriff's Department and the Franklin County Prosecutor's Office, the two defendants he names in his complaint. [R. 6 at 1]. With respect to the Franklin County Sheriff's Department, the United States Court of Appeals for the Sixth Circuit has repeatedly made it clear that this kind of entity may not be sued for money damages for alleged constitutional violations under § 1983. *See, e.g., Mayers v. Williams*, No. 16-5409, 2017 WL 4857567, at *3 (6th Cir. Apr. 21, 2017) (recognizing that "neither the police department nor the task force may be sued"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (stating that "the Police Department is not an entity which may be sued"); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department is not a legal entity subject to suit under § 1983). And with respect to the Franklin County Prosecutor's Office, Meeks simply has not alleged enough facts to state a viable constitutional claim against this entity. Plus, even if Meeks had offered more facts in his complaint, he certainly has not alleged facts sufficient to overcome the immunity generally afforded prosecutors pursuing criminal cases. *See Adams v. Hanson*, 656 F.3d 397, 401-03 (6th Cir. 2011) (citing and discussing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

Finally, even if this Court construes Meeks's claims against Franklin County itself, those claims still fail to survive initial screening. That is because Meeks has not clearly alleged that the facts about which he complains are the product of a county policy or custom, as required to

state a claim for relief against the county. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Thus, to the extent that Meeks is seeking relief against Franklin County, those claims are likewise unavailing.

Accordingly, it is **ORDERED** as follows:

1. Meeks's constitutional claims against the Franklin County Sheriff's Department and the Franklin County Prosecutor's Office, the only claims he asserts in his complaint [R. 6], are **DISMISSED** with prejudice.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This 15th day of April, 2019.

Gregory F. Van Tatenhove
United States District Judge